UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL MENDEZ,<br><br>      Petitioner,<br><br>   v.<br><br>JONATHAN C. MINER, Warden,<br>et. al.,<br><br>      Respondents. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 04-4601(JEI)<br><br><br>**OPINION** |

**APPEARANCES:**

ANGEL MENDEZ
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320
      Petitioner Pro Se

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY
BY: LOUIS J. BIZZARRI
401 Market St., 4th Floor
Camden, New Jersey 08101
      Counsel for Respondents


**IRENAS**, Senior District Judge:


    Petitioner Angel Mendez ("Mendez"), a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Respondents are Warden Jonathan C. Miner and the Bureau of Prisons ("BOP").

Mendez is presently serving federal sentence for a conviction of the Felon in Possession a Firearm offense. Mendez's Petition focuses on a time period when he was still serving the state sentence for Reckless Burning but had not yet been sentenced on the federal charge.

Mendez claims he has been wrongfully denied federal good conduct time ("GCT") credit by the BOP.[1]  Specifically, he seeks GCT credit for a time period from February 26, 2001, through February 3, 2002, when he was serving a state sentence, in a state facility, for an offense unrelated to the offense upon which the federal sentence is based.

Because Mendez is ineligible for federal jail credit and because GCT credit cannot be earned for non-federal time served, the Petitioner's claim will be dismissed.

I.

On July 31, 2000, Mendez was arrested in the parking lot of a Connecticut gas station by Hartford police in connection with an outstanding felony warrant.  Following the arrest, officers searched Mendez's vehicle and found a loaded Smith and Wesson

---

[1]The federal government construes the petition as seeking full credit for time served in state custody on a non-federal sentence.  Mendez's petition is clear that he only seeks GCT credit for that period.  However, in explaining why Mendez is not entitled to GCT credit for the time in question, the Court must first explain why Mendez is not entitled to full credit for the same period.

Heritage Stealth Shadow C-4200 semi-automatic pistol.  Mendez admitted possession and ownership of the gun in violation of federal law, 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

At the time of his arrest, Mendez was taken into state custody.  He was transferred from state custody to federal custody on October 5, 2000, per writ of habeas corpus ad prosequendium and charged by federal authorities.(Resp't Br. Ex. 4).  Mendez was released by federal authorities on a $10,000 non-surety bond and returned to state custody that same day.  On November 2, 2000, Mendez was unconditionally released from state custody.

On December 5, 2000, Mendez was arrested on an unrelated charge of Arson in the First Degree and taken into state custody.  He remained in custody until his date of sentencing, February 26, 2001, at which time he was sentenced to three years imprisonment for the state crime of Reckless Burning.  Mendez's state sentence officially began on February 27, 2001.[2]

On February 4, 2002, Mendez was sentenced in federal court

---

[2] The Reckless Burning conviction revoked Mendez's probation. Mendez had been convicted of Sale of Narcotics (Docket No. CR96-0497063) and Larceny in the 3d degree (Docket No. CR97-511753), and was released on probation when he committed the new crimes.  The reinstatement of his incarceration for the two prior convictions was to run concurrently with the Reckless Burning sentence.  These other sentences did not alter the three year length of the Reckless Burning sentence.

to a term of 92 months for the Felon in Possession of a Firearm offense.  18 U.S.C. § 922(g)(1).  The presiding judge, Chief United States District Judge Alfred Covello, ordered the federal sentence to run concurrently with the state sentence for Reckless Burning that Mendez was currently serving.  Mendez's federal sentence began the day it was imposed, February 4, 2002.

On May 28, 2002, the BOP Regional Inmate Systems Administrator designated the Connecticut State Prison System as the location where Mendez would serve his concurrent sentences. Mendez was incarcerated at the Garner Correctional Facility until January 21, 2004, when Mendez completed his state sentence and was transferred from state custody to federal custody.[3]  He has since remained in federal custody.

## II.

The instant petition presents two issues pertaining to federal jail credit.[4]  First, could the time Mendez spent in state custody from February 26, 2001, to February 3, 2002, be counted as federal jail credit, thus decreasing the amount of

---

[3]  As a result of the May 28, 2002, designation, Mendez received federal credit for his time served in the state prison from February, 4, 2002, through January 21, 2004.

[4]  The term "Jail Credit" is the term used in Sentence Computation Report to refer to time spent in custody that is credited toward the satisfaction of a prisoner's sentence. (Resp't Br. Ex. 1)

4

time remaining on his federal term; and second, even if the time in state custody cannot be counted as federal jail credit, could Mendez earn federal GCT while serving it?

A.

There are three ways that an individual in custody can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody pursuant to 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis Credit". *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *see also,* Bureau of Prisons Program Statement 5880.28, *Sentence Computation Manual.*

1.

The interval between February 26, 2001, and February 3, 2002, cannot be considered time spent in custody serving a federal sentence because Mendez had not yet been sentenced in federal court.  He was not sentenced for the federal Felon in Possession of a Firearm offense until February 4, 2002. Sentences can only commence after the defendant is sentenced and in custody.  *See* 18 U.S.C. § 3585(a).

5

2.

Another means of accruing federal jail credit is through the application of 18 U.S.C. § 3585(b).  This statute allows a prisoner to use time served in custody prior to the imposition of a sentence towards the completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."  18 U.S.C. § 3585(b).

The last clause of this subsection provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.  The Supreme Court made clear that prisoners are not allowed to "double-count" credit, or, in other words, have a period of time in pre-sentence custody count toward a subsequent federal sentence while also counting toward a state sentence.  *United States v. Wilson*, 503 U.S. 329 (1992).

Because the time Mendez spent in state custody from February 26, 2001, to February 3, 2002, was counted toward the three-year sentence issued for the state Reckless Burning offense, § 3585(b) and *Wilson* forbids the BOP from counting it toward Mendez's

6

federal sentence as credit for prior custody.[5]


### 3.

Mendez might claim federal jail credit for the period between February 26, 2001, and February 3, 2002, if that time was spent in state custody as a result of a federal detainer. However, Mendez was not held in custody because of a federal detainer and, therefore, cannot receive "Willis Credit" for the disputed period.

During the approximately one year period in question, Mendez was held in state custody because he was serving his sentence for Reckless Burning, not because a federal detainer that caused him to be denied bail was lodged against him.  Both Petitioner's and Respondents' briefs indicate that Mendez did receive "Willis Credit" for the time served in state custody between December 5, 2000, and February 23, 2001, a period not counted toward any state sentence during which Mendez was incarcerated due to a federal detainer.  However, no "Willis Credit" is possible once the inmate begins serving a state or

---

[5] Mendez's record of incarceration shows that he was entitled to § 3585(b) credit for the period between July 31, 2000, when he was arrested for the gun possession offense, and November 2, 2000, when he was released from state custody. Because this time spent in custody was not used to satisfy a non-federal sentence, the BOP retroactively granted Mendez federal jail credit for this time.  (Resp't Br. Ex. 1, Sentence Computation).

federal sentence.  Bureau of Prisons Program Statement 5880.28, 1-22.

Because time served during the disputed period does not qualify as credit for time spent in custody while serving a federal sentence, credit for prior custody pursuant to 18 U.S.C. § 3585(b), or "Willis Credit", Mendez is unable to apply the approximately 11 month period toward his federal sentence.


B.

If Mendez was able to count the disputed period toward his federal sentence, then he might have been eligible to accrue GCT for the time served.  This Court has decided that GCT credit can only be earned on actual time served toward a federal sentence. *See Shands v. Miner*, No. 04-3486 (D.N.J. Aug. 24, 2004).  The BOP has determined that "54 days of GCT may be earned for each full year served on a sentence in excess of one year." Bureau of Prisons Program Statement 5880.28(g) (emphasis added).  Because the disputed period was not served on a federal sentence, Mendez is ineligible to accrue federal GCT.

The BOP can give GCT for time served outside of BOP custody that is credited toward a federal sentence ex post facto. Mendez's qualified for this on two occasions.  He received GCT based on time served from July 31, 2000, to November 2, 2000, as

8

that period was counted toward his federal sentence pursuant to § 3585(b).  Additionally, he received GCT based on the time period that constituted "Willis Credit", December 5, 2000, through February 26, 2001. He is able to receive GCT for these periods because they were applied against his federal sentence.

The disputed period is dissimilar because Mendez cannot receive federal credit for the time served between February 26, 2001, and February 3, 2002.  There is no legal precedent for assigning GCT to time spent in state custody pursuant to a non-federal sentence.  Additionally, there is no legislative action which mandates the granting of GCT credit similar to the way in which § 3585(b) mandates the granting of jail credit; there has been no judicial determination that a prisoner can earn federal GCT while serving a non-federal sentence.

Because Mendez was outside of BOP custody, and because there is no legislative or judicial precedent for assigning GCT for non-federal sentences, Petitioner's claim will be dismissed.

III.

For the reasons set forth above, the Court will dismiss Mendez's Petition.[6]  The Court will issue an appropriate Order.

DATE:   6/27/05

s/Joseph E. Irenas

JOSEPH E. IRENAS
Senior United States District Judge

---

[6]The Respondents' affirmative defense that Petitioner has not exhausted his administrative remedies is made moot by our finding that Petitioner is not entitled to relief. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).

10